*Reconsiderations Denied June 26, 2009:*

*In re* APPLICATION OF DETROIT EDISON COMPANY (ATTORNEY GENERAL V PUBLIC SERVICE COMMISSION), Nos. 134667, 134668, and 134669. Court of Appeals judgment affirmed in part and reversed in part at 483 Mich 993. Reported below: 276 Mich App 216.

CORRIGAN and MARKMAN, JJ. We would grant Detroit Edison's motion for reconsideration and would affirm the judgment of the Court of Appeals.

ATTORNEY GENERAL V PUBLIC SERVICE COMMISSION, No. 136431. Court of Appeals judgment affirmed at 483 Mich 998. Court of Appeals No. 261747.

PEOPLE V KIRCHER, No. 137652. Leave to appeal denied at 483 Mich 986. Court of Appeals No. 275215.

KELLY, C.J., and CAVANAGH and MARKMAN, JJ. We would grant the motion for reconsideration and would grant leave to appeal for the reasons set forth in Justice MARKMAN's dissenting statement in *People v Kircher*, 483 Mich 986 (2009).

*Leave to Appeal Denied July 7, 2009:*

PEOPLE V BRANNER, No. 137373; Court of Appeals No. 275911.

KELLY, C.J. (*dissenting*). I dissent from the order denying defendant's application for leave to appeal. The Court of Appeals concluded that the record was sufficient to establish that defendant waived his right to a jury trial. However, it never addressed that, in the brief colloquy regarding the parties' stipulation to a trial on the paper record, the court never advised defendant of his other trial rights. Rather, the court employed a perfunctory process, concluding that defendant voluntarily waived all those rights. The dissenting Court of Appeals judge reasonably questioned whether virtually *all* the rights associated with a trial could properly be waived in such a manner.

I agree with the dissent that the absence of procedural safeguards in this case spawns a fundamental concern about how the justice system should operate. The issue stretches beyond defendant's case and is jurisprudentially significant, especially if other trial courts employ the procedure used here. It is significant also given the distressed condition of criminal defense for the indigent in this state.[1]

Therefore, I would grant leave to appeal to determine whether the procedure employed to determine defendant's guilt was adequate and whether the trial court fulfilled its obligation to safeguard defendant's fundamental rights.

---

[1] See National Legal Aid & Defender's Association, *Evaluation of Trial-Level Indigent Defense Systems in Michigan*, <http://www.michbar.org/publicpolicy/pdfs/ indigentdefense_report.pdf> (accessed June 23, 2009).

In addition, defense counsel's performance may have been so deficient that it constituted ineffective assistance. Counsel stipulated to allow the trial court to decide the case using only the preliminary examination record, the police report, and the toxicology report. This decision seemingly provided *no* defense to the charges against defendant.

At a minimum, had defense counsel chosen to proceed with a bench trial, the court would have had an opportunity to observe witnesses and evaluate their credibility. Given that failure, it is premature to assume that there is no probability of a different result had defendant received a full trial.

Therefore, I dissent from the denial order and would grant defendant's application for leave to appeal.

CAVANAGH, J. I join the statement of Chief Justice KELLY.

PEOPLE v DWIGHT ANDREWS, No. 138082; Court of Appeals No. 286191.

KELLY, C.J. (*dissenting*). I dissent from the Court's order denying defendant's application for leave to appeal.

Defendant pleaded guilty of receiving or concealing stolen property valued at over $100 and unlawfully driving away an automobile. He was sentenced to two to five years of imprisonment for both convictions.

Defendant filed a motion for relief from judgment, which the trial judge granted by order dated January 6, 2006. Upon receiving a copy of the order, the Department of Corrections (DOC) wrote the judge, opining that the court should not have granted the motion. After a second letter and a call to the judge's secretary from the DOC, the judge issued a new order dated November 20, 2007, vacating the January 6, 2006, order. Defendant received a copy of the DOC letters, but the court provided him neither notice nor an opportunity to be heard before issuing the November 20, 2007, order.

MCR 6.435 governs the correction of mistakes in judgments. It allows a court to correct clerical mistakes on its own initiative. However, there was no clerical mistake in this case. Instead, the trial court corrected what it believed to be a substantive mistake two years after the original judgment of sentence was entered.[1]

What is central to this appeal is the fact that the court failed to provide defendant notice or an opportunity to be heard as required by MCR 6.435(B) before vacating its order. No authority exists for a trial judge to sua sponte vacate a final order outside the appeals process solely on the basis of a communication with a nonparty such as the DOC.[2]

---

[1] In order to correct a substantive mistake, a court must discover the error before the judgment has been entered and give the parties an opportunity to be heard. MCR 6.435(B).

[2] *People v Holder*, 483 Mich 168 (2009). In *Holder*, we held that a court may not unilaterally rely on a letter from the DOC to modify a defendant's sentence. Such letters are merely advisory in nature.